# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EVERETT BOYD,**  **PETITIONER**

**V.**  **NO. 4:19CV099-M-V**

**JESSIE WILLIAMS, and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,**  **RESPONDENTS**

## OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Everett Boyd for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

## Factual and Procedural Background

Petitioner Everett Boyd is currently in the custody of the Mississippi Department of Corrections and housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. On February 25, 2006, Boyd was convicted of the crimes of murder while engaged in the crime of drive-by shooting and of shooting into an occupied dwelling in the Circuit Court of Holmes County, Mississippi. Doc. #8-1. Subsequently, on March 21, 2006, Boyd was sentenced to a term of life on the murder conviction and a term of ten (10) years on the conviction of shooting into an occupied dwelling, the sentences to be served concurrently. *Id.* Boyd's convictions and sentences were affirmed by the Mississippi Supreme Court on March 20, 2008. *See* Doc. #8-2; *Boyd v. State*, 977 So.2d 329 (Miss. 2008). Boyd did not seek certiorari review with the United States Supreme Court.

On April 1, 2011, Boyd signed an "Application for Leave to File for Post-Conviction Collateral Relief in the Circuit Court of Holmes County, Mississippi," which was stamped as "filed" in the Mississippi Supreme Court on April 5, 2011. Doc. #9-8. That application was denied by Order of the Mississippi Supreme Court on June 2, 2011. Doc. #8-3. In its Order, the Mississippi Supreme Court

found that Boyd had failed to make a substantial showing of the denial of a state or federal right, and further that his claim for ineffective assistance of counsel failed to meet the *Strickland* standard. *Id.*

More than a year later, on June 19, 2012, Boyd submitted an "Application for Leave to File Petition for Post-Conviction Collateral Relief Pursuant to 99-39-27(9)," which was stamped as "filed" in the Mississippi Supreme Court on June 22, 2012. Doc. #9-8. The Mississippi Supreme Court denied Boyd's application on July 26, 2012. Doc. #8-4. In its Order, the Mississippi Supreme Court found that Boyd's application was procedurally barred as both untimely and successive. *Id.*

Some six years later, on December 8, 2018, Boyd signed a "Motion for Leave to Proceed in the Trial Court," which was stamped as "filed" in the Mississippi Supreme Court on December 10, 2018. Doc. #9-9. Boyd's motion was denied by Order of the Mississippi Supreme Court on February 1, 2019. Doc. #8-5. Within the Order, the Mississippi Supreme Court found that the motion was untimely, successive, and without merit. *Id.* Thereafter, Boyd sought rehearing of the Court's decision, but that motion was denied by Order filed on March 1, 2019. Doc. #8-6. Boyd additionally filed a "Petition for Writ of Certiorari" which was denied by the Mississippi Supreme Court on March 22, 2019. Doc. #8-7.

Boyd filed the instant petition for federal habeas corpus relief on June 24, 2019.[1] Doc. #1. On September 18, 2019, the court entered an order directing the respondents to answer Boyd's petition on or before November 27, 2019. Doc. #5. On October 8, 2019, the State moved to dismiss Smith's petition as untimely. Doc. #8. Boyd filed his response in opposition on November 12, 2019.[2] Doc. #13.

**Legal Standard**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss should be granted turns on the statute's limitation period, which provides:

---

[1] Boyd did not date the instant petition, but it was stamped "filed" in this Court on June 24, 2019.
[2] Boyd was granted an additional fourteen days within which to file his response. Doc. #11.

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## Analysis

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Boyd did not seek certiorari review, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on June 18, 2008, which is ninety days after the Mississippi Supreme Court rendered its decision affirming Boyd's convictions and sentences (March 20, 2008, plus 90 days).[3] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Boyd's federal habeas petition must have been filed on or before June 18, 2009, to be deemed timely. *See* 28

---

[3] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Boyd must have filed an application for post-conviction relief on or before June 18, 2009, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Boyd submitted three petitions for post-conviction relief in the Mississippi Supreme Court. The first of Boyd's petitions was not filed until April 5, 2011; the second on June 22, 2012; and the third on December 10, 2018. *See* Doc. #s 9-8, 9-9. As the first of his applications was not filed until April 5, 2011, almost two years *after* the federal limitations period had expired, Boyd's instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Boyd's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Boyd signed but failed to date the instant petition. The envelope in which it was mailed, however, reflects a postage date of June 20, 2019. Doc. #1, p. 15. Boyd, therefore, filed the instant petition over ten years after the June 18, 2009, deadline for filing said petition. Consequently, the Court may review the merits of Boyd's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Boyd has presented no arguments regarding equitable tolling, and the Court does not find equitable tolling of the limitations period to be warranted in this case.

In sum, Boyd's petition is untimely, and Respondents' motion to dismiss should be granted.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Boyd must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Boyd must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" [8] and **DISMISSES** with prejudice the petition filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 21st day of November, 2019.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**